UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARY ANN ISOM                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:08-CV-197-H

CENTRAL STATE MENTAL HOSPITAL et al.                 DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Mary Ann Isom, filed a *pro se*, *in forma pauperis* complaint on a court-supplied form for complaints under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff Mary Ann Isom sues Central State Mental Hospital, its Board of Directors, and the following Central State employees: Dr. Jay Irby; Nurse Susan Bowman; a long-haired, male, Caucasian, graveyard-shift worker; and mental health workers "Scott" and "Sabine." The complaint is not a model of clarity. Plaintiff alleges that in September 2007, Dr. Irby told Jefferson County Judge Delahanty not to release Plaintiff and falsified statements to the judge to discourage release.

It appears that the next allegations in the complaint pertain to October 2004. Plaintiff alleges that "Once in hospital – malpractice conditions of bizarre reproach by patients at night being tampered with inside their bodies as of illegal surgery was taking place." She further alleges that workers named Sabine and Scott "also use of techniques involving voice manipulation purpose – experimented on subject," apparently having to do with a worker talking to Plaintiff while she was asleep.

Plaintiff further alleges "as recently as this year – 2007/2008 beginning around last September multiple voice traps of a previous house guest has been used as if an instrument were feeding the voice to say it 'wanted to make people sick.'" She further alleges that "Person had been funneled or channeled into my home having only other references other various music intake systems at stores near me such as Sav-A-Lot . . . ." She further states, "Suspected that group at Central State with person white male worker named Scott and other long haired white male were sending fraudulent thoughtful threats. Also associated with my mental health and safety of family. Linked to recall of Chinese toys."

As relief, Plaintiff requests monetary damages of $23,384,000. She also requests injunctive relief in the form of "removal of recorded incidents during years as patient at Central State Hospital," punitive damages of $7.5 million, and the destruction of "any and all tracking – electronic records for other than medicinal. Have found other perjurious use in Personnel Field and Locale/Family."

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.


When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims against Central State Hospital, its Board of Directors, and Nurse Bowman*

The complaint makes no reference to Central State Hospital, its Board of Directors, or Nurse Bowman except in the portion of the complaint in which Defendants are to be listed. It states absolutely no facts regarding personal involvement by any of these Defendants. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must also explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so. As such, the claims against these Defendants must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam).

*Claims against a long-haired Caucasian, "Scott," and "Sabine"*

Plaintiff's allegations against the unnamed, long-haired, Caucasian employee and the employees identified only as "Scott" and "Sabine" are that Sabine and Scott used "techniques involving voice manipulation purpose" and "experimented on subject," apparently having to do with a worker talking to Plaintiff while she was asleep.  The complaint also alleges that she suspects that a "group at Central State with person white male worker named Scott and other long haired white male were sending fraudulent thoughtful threats.  Also associated with my mental health and safety of family.  Linked to recall of Chinese toys."

This claim is legally frivolous as it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325; *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Plaintiff's story simply does not warrant further factual development in this lawsuit.  Accordingly, the Court finds that Plaintiff's claims against these Defendants must be dismissed as frivolous.

*Claim against Dr. Irby*

Plaintiff sues Dr. Irby only in his official capacity.  Thus, the claim brought against Dr. Irby is deemed a claim against the Commonwealth of Kentucky itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law.  *See* § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Thus, Plaintiff's request for money damages from this state officer in his official capacity fails to allege cognizable claims under § 1983.  Moreover, the defendant is immune from monetary damages under the Eleventh

Amendment. *See id.*

With regard to Plaintiff's request for injunctive relief, Plaintiff fails to state a claim against Dr. Irby. The complaint simply alleges that Dr. Irby told Judge Delahanty not to release her and falsified a statement to the Judge to discourage release of court-ordered "M.I.W."[1] She alleges no violation of constitutional or federal law. Plaintiff does not even allege that false statements by Dr. Irby actually resulted in the M.I.W. not being released.

Because Plaintiff failed to state a claim upon which relief could be granted and because she seeks monetary relief from a defendant who is immune from such relief, the Court will dismiss the claim against Defendant Irby pursuant to §§ 1915(e)(2)(B)(ii) and (iii).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint.

Date:


cc:     Plaintiff, *pro se*
        Defendants
4412.009

---

[1] The Court assumes that "M.I.W." refers to a mental inquest warrant.